UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| LENNYN PEREZ, | ) | CASE NO. 4:09 CV 0913 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| RODDY RUSHING, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

Pro se petitioner Lennyn Perez ("Petitioner") filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 1361 and 2241 on April 21, 2009. Petitioner, who is incarcerated at the Northeast Ohio Correctional Center ("N.E.O.C.C.") in Youngstown, Ohio, brings this action against N.E.O.C.C. Warden Roddy Rushing, seeking transfer to a prison that provides a 500-hour Residential Drug Abuse Program (RDAP).

*Background*

Petitioner was indicted in the United States District Court for the Southern District of New York. On June 23, 2005, the court sentenced him to a term of 108 months in prison. The judge also allegedly ordered his participation in a 500-hour drug and alcohol program.

On August 19, 2008, Petitioner submitted an Inmate Request to Staff Member form to his Case Manager Coordinator to participate in a 500-hour drug treatment program. The Coordinator, Katherine Edwards, responded on the same date and advised Petitioner that N.E.O.C.C. did not have

a 500-hour drug and alcohol program. She noted that, upon review of "all documentation, to include any judicial recommendations," N.E.O.C.C. was not obligated to place Petitioner in a 500-hour drug treatment program. She did add, however, that "NEO does have a substance abuse program available in which your participation is strongly encouraged." (Memo from Edwards to Petitioner of 8/19/08).

Petitioner appealed this decision on August 26, 2008, claiming he needed to be transferred to receive the benefits of a 500-hour program and to be closer to his family. In response, the grievance officer acknowledged the sentencing judge's recommendation that Petitioner participate in a Bureau of Prisons (BOP) drug and alcohol program, but noted the BOP designated N.E.O.C.C. as the best prison facility for him. With regard to the judge's recommendation, the officer advised Petitioner to "[p]lease take advantage of the substance abuse program that we do have available here." (Letter from Grievance Ofc. to Petitioner of 9/3/08). The warden concurred with the officer's response and Petitioner appealed.

James Burrell, the BOP's Privatization Management Branch Administrator, denied Petitioner's appeal for a transfer on October 27, 2008. Mr. Burrell noted that Petitioner is a citizen of the Dominican Republic who is classified at a Low Security level and has a deportation detainer lodged against him. His investigation into Petitioner's circumstances indicated that Petitioner's placement was "consistent with policy and is commensurate with your security needs. Therefore, we encourage you to participate in the programs available at your facility." (Letter from Burrell to Petitioner of 10/27/08). The National Inmate Appeals Administrator, Harrell Watts, subsequently denied Petitioner's final appeal on March 4, 2009, noting, "[g]iven that your projected release date is March 17, 2010, transfer to another prison is neither warranted nor contemplated." (Letter from

2

Watts to Petitioner of 3/4/09).

*Analysis*

Petitioner argues he is entitled to mandamus and habeas relief because respondent denied him the benefits of a 500-hour RDAP, as directed by Congress. He maintains that, as an alien, he has unlawfully been separated from prisoners who are United States citizens and placed in a private prison that does not provide a residential drug treatment program. Being denied consideration for placement in an RDAP because of his alien status, Petitioner asserts, is tantamount to a violation of his right to equal protection.

Petitioner exhausted his administrative remedies regarding his request for a prison transfer. While he failed to exhaust his claims regarding an equal protection violation, the court declines to address the merits of that claim because it is not properly raised in a habeas petition.

*Standard of Review*

Whether a writ of habeas should be granted is dictated by 28 U.S.C. § 2243. The statute provides, in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added). Based on the facts alleged in the petition before this court, Petitioner is not entitled to habeas relief.

*Prison Transfer*

The location where a federal inmate is imprisoned is governed by 18 U.S.C. § 3621(b). The statute sets forth the criteria that the BOP must consider in making a determination as to where an inmate will serve his federal sentence. It provides, in relevant part:

3

>   (b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
>
>   >   (1) the resources of the facility contemplated;
>   >
>   >   (2) the nature and circumstances of the offense;
>   >
>   >   (3) the history and characteristics of the prisoner;
>   >
>   >   (4) any statement by the court that imposed the sentence--
>   >
>   >   >   (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>   >   >
>   >   >   (B) recommending a type of penal or correctional facility as appropriate; and
>   >
>   >   (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
>   In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. *The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse.* Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.

18 U.S.C. §3621(b)(emphasis added).  Thus, notwithstanding the broad discretion within which the BOP is entitled to act when housing prisoners, a prisoner has no constitutional right to be incarcerated in a particular prison or to be held in a specific security classification.  *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Meachum v. Fano*, 427 U.S. 215, 224 (1976).  To the extent the BOP is obligated to provide drug treatment for Petitioner, it has met its obligation by offering

4

him a drug treatment program. The fact that it is not a residential program that provides the potential for early release is not an issue properly before this court.

As noted earlier, Petitioner's argument that he is being denied eligibility for placement in an RDAP based on his nationality is essentially an argument that he was deprived of a right secured by the federal Constitution by persons acting under color of federal law. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). Section 2241 is not a vehicle for challenging prison conditions, but for challenging matters concerning the length or execution of a prisoner's sentence. *See Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir.1979).

*28 U.S.C. §1351*

The Mandamus Act vests district courts with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is appropriate, however, "only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt." *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir.1992)(internal quotations omitted). To invoke that right, a petitioner must establish: (1) that he has a clear right to be transferred to a prison with an RDAP; (2) that the defendant has a nondiscretionary duty to transfer him; and (3) that he has no other adequate remedy. *See Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980) (party seeking mandamus relief must show "clear and indisputable" right and have no other adequate remedy). Having failed to argue the BOP has a <u>nondiscretionary</u> duty to transfer him to a prison with a RDAP, Petitioner is not entitled to mandamus relief.

5

*Conclusion*

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

DATE: September 24, 2009

　　　　　　　　　　　　　　　　　　/s/ *John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE